# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,      :      Case No. 3:08-po-040

  -vs-      Magistrate Judge Michael R. Merz

     :

JOSEPH C. HARRIS,

    Defendant.

## DECISION AND ORDER

This case is before the Court on Defendant's second Motion to Terminate Probation (Doc. No. 23).

Judgment was entered in this case on May 22, 2008, placing Defendant on unsupervised probation for a period of two years as a sanction for the offense of trespass on Veterans' Administration property in violation of 38 Code of Federal Regulations § 1.218(b)(8) (Judgment, Doc. No. 13, PageID 23).

Defendant asserts that "[t]he date of this sentence was carried out in 2007, and was to terminate in 2009 if the conditions of his probation sentence was [sic] met." He is wrong about the dates. The Violation Notice in this case shows the instant offense happened on March 17, 2008 (Doc. No. 1.)

Defendant is correct, however, that probation would have terminated automatically on May 22, 2010, if Defendant had successfully completed probation. He did not. On December 5, 2008, the Probation Department filed a Report on Offender under Supervision which advised the Court had been convicted in the Dayton Municipal Court of possession of drug paraphernalia (Doc. No. 16).

1

Then on August 7, 2009, the Probation Department sought a warrant for Defendant's arrest for violation of his probation based on his conviction in the Montgomery County Common Pleas Court for possession of cocaine (Doc. No. 17). Although the Court had essentially ignored the first probation violation, it issued a warrant for Defendant's arrest on this second report (Doc. No. 18).

Defendant claims in his instant Motion that he has met the conditions of his probation, but that is apparently not true. While Mr. Harris may have abided by the special condition of not trespassing again at the VA, he is accused of not complying with the general condition of probation that he not "commit another federal, state, or local crime." (Judgment, Doc. No. 13, PageID 25). Because the alleged violations of probation occurred during the term of probation (5/22/2008-5/22/2010) and the arrest warrant was issued before the term of probation expired, to wit, on August 7, 2009, Mr. Harris is not entitled to termination of his probation. As the Court has now twice advised him, if he wishes to have the pending detainer removed and the alleged probation violation dealt with before expiration of his current term of incarceration, he should request his counsel to file a motion for writ of habeas corpus ad prosequendum.

The Motion to Terminate Probation is denied. The Clerk shall mail a paper copy of this Order to Defendant.

March 23, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge